UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN LEE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 11-2678 |
| DONALD W. JONES, ET AL. | SECTION: "A" (4) |

**ORDER**

Before the Court are Proposed Intervenors, Savitra George, individually and on behalf of her minor child Catherine Kennedy, and Jesse Hughes, on behalf of his minor child, Joshua Hughes', ("collectively, Intervenors") **Motion to Intervene (R. Doc. 33)**. This motion seeks leave from the Court allowing Intervenors to intervene in this matter as party-plaintiffs. The motion is opposed. (R. Doc. 41). The motion was heard by oral argument on September 26, 2012.[1]

## I.  Background

This is a personal injury lawsuit originally filed in Louisiana state court on September 22, 2011 and removed to federal court on November 26, 2011 pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. (R. Doc. 1, p. 1; R. Doc. 1-2, p. 8). In the petition, Plaintiffs, Carolyn Lee ("Carolyn") and Troynesha Lee, (Troynesha") (collectively, "Plaintiffs") alleged that on or about August 8, 2011, Carolyn was operating Jesse Hughes' motor vehicle on an interstate highway in Louisiana when the car collided with a motor vehicle driven by Donald Jones ("Jones"). (R. Doc. 1-2, pp. 1-2). Jones'

---

[1] A hearing on removal of this case back to state court will also noticed for submission on September 26, 2012 before the presiding district judge in this matter (R. Doc. 41).

truck was owned by his employer, Herring Gas Co., Inc. ("Herring"), and insured by Defendant, National Interstate ("National") (all three collectively, "Defendants."). *Id.* Plaintiffs allege that as a result of the collision both Carolyn and Troynesha suffered various personal injuries. Intervenors were passengers in the case at the time of the accident. (R. Doc. 41-1, pp. 1-7).[2] Intervenors allege that they incurred "general and special damages" as a result of the accident. (R. Doc. 33-1, p. 3).

The Notice of Removal indicates that at the time of the accident, Plaintiffs were domiciled in Louisiana,[3] Defendant Jones was a citizen of Mississippi, Defendant Herring was a corporation organized under the laws of Mississippi, and Defendant National was a corporation organized under the laws of Ohio. (R. Doc. 1, p. 3).[4] At the time the accident occurred, Intervenors were also residents of Louisiana. (R. Doc. 41-1, p. 2).

As to the instant motion, the Intervenors seek to intervene in the instant case. The motion is opposed. The motion was heard by oral argument on September 26, 2012.

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 24(a) states that a party may intervene as of right where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* Rule 24(b) permits intervention with leave of the Court when a potential party "has a claim or defense that shares

---

[2]Specifically, Defendants argue that Satvira George, Catherine Kennedy, and Joshua Hughes were in Carolyn's car. *Id.* Defendants argue that Jessee Hughes, who seeks to intervene on behalf of Joshua Hughes, was not in the vehicle at the time of the accident. *Id.*

[3]Intervenors argue that, at the time they filed the instant motion, Plaintiffs were domiciled in St. Helena Parish, Louisiana. (R. Docs. 33-1, p. 1; 41-1, p. 2).

[4]In Plaintiffs' original state court petition, they did not allege that Herring or National were foreign corporations, but only that these two entities were licensed to transact business in Louisiana. (R. Doc. 1-2, p. 1). Defendants' Notice of Removal, however, specified the state where Herring and National were actually domiciled.

2

with the main action a common question of law and fact." Rule 24(b).

**III.     Analysis**

    **A.     Impact of Adding Plaintiffs**

The first issue is whether Intervenors' claims and assertions entitle them to intervene, or whether their petition must be dismissed, based on the litigation posture of the parties and the Court's basis for jurisdiction over this claim.

Jurisdiction in this case premised upon diversity, Title 28 U.S.C. § 1332. § 1332(a)(1) requires that "the district courts shall have original jurisdiction of all civil actions . . . between citizens of different states." *Id.* "[T]he required diversity under section 1332(a)(1) must be complete: where one or more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant." *Lowe v. Ingalls Shipbuilding, a Division of Litton Systems, Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984).

Intervenors' motion asserts that they intend to bring claims against *both* the current Plaintiffs, who are also residents of Louisiana, and Defendants, who are residents of other states. (R. Doc. 33-1, p. 3). In opposition, Defendants argue that the Court does not have jurisdiction because (1) jurisdiction over intervention is governed by the Court's supplemental jurisdiction power, and (2) the plain language of the applicable law precludes exercise of supplemental jurisdiction when doing so would destroy diversity. (R. Doc. 41, pp. 4-7). Defendants further argued that Intervenors are attempting to name Plaintiffs as defendants to purposefully destroy jurisdiction in this case, so that the case would be remanded to state court. *Id.* at 3-4.[5]

---

[5]Defendants did not reiterate this argument at the hearing, and the Court finds this argument irrelevant based on the outcome of the proposed realignment of the parties as stated at oral argument.

with the main action a common question of law and fact." Rule 24(b).

**III.     Analysis**

    **A.     Impact of Adding Plaintiffs**

The first issue is whether Intervenors' claims and assertions entitle them to intervene, or whether their petition must be dismissed, based on the litigation posture of the parties and the Court's basis for jurisdiction over this claim.

Jurisdiction in this case premised upon diversity, Title 28 U.S.C. § 1332. § 1332(a)(1) requires that "the district courts shall have original jurisdiction of all civil actions . . . between citizens of different states." *Id.* "[T]he required diversity under section 1332(a)(1) must be complete: where one or more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant." *Lowe v. Ingalls Shipbuilding, a Division of Litton Systems, Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984).

Intervenors' motion asserts that they intend to bring claims against *both* the current Plaintiffs, who are also residents of Louisiana, and Defendants, who are residents of other states. (R. Doc. 33-1, p. 3). In opposition, Defendants argue that the Court does not have jurisdiction because (1) jurisdiction over intervention is governed by the Court's supplemental jurisdiction power, and (2) the plain language of the applicable law precludes exercise of supplemental jurisdiction when doing so would destroy diversity. (R. Doc. 41, pp. 4-7). Defendants further argued that Intervenors are attempting to name Plaintiffs as defendants to purposefully destroy jurisdiction in this case, so that the case would be remanded to state court. *Id.* at 3-4.[5]

---

[5]Defendants did not reiterate this argument at the hearing, and the Court finds this argument irrelevant based on the outcome of the proposed realignment of the parties as stated at oral argument.

### 1. Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. §1367(a). "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over . . . [parties] seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." *Id.* at § 1367(b); *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 560 (2005) ("[s]ection 1367(b) withholds supplemental jurisdiction over the claims of plaintiffs . . . who seek to intervene pursuant to Rule 24."); *Griffin*, 621 F.3d 380, 386 (5th Cir. 2010) (citing *Exxon*, and finding that in diversity cases, intervention was not allowed even when it occurred as of right under Rule 24(a)).

Federal courts in this district have found that "[u]nder section 1367(b), supplemental jurisdiction cannot be invoked in diversity cases by plaintiff intervenors whether they are of right or permissive" where intervenors did not meet diversity requirements. *Lionheard Development, LLC v. Apex Building Systems, LLC*, No. 08-4070, 2011 WL 999537, at *2 (E.D. La. Mar. 18, 2011) (Vance, J.)) (internal quotation marks omitted). Plainly, the written assertions in Intervenors' filing would place Louisiana residents on both sides of the dispute.[6]

---

[6]Admittedly, other federal courts have permitted flexibility in permitting a party to re-file claims in a manner that would not destroy diversity. *Atherton v. Casey*, 1992 WL 235894, at *2 (E.D. La. Sept. 4, 2012) (Clement, J.) (finding that Court could not exercise supplemental jurisdiction over additional parties when to do so would destroy diversity, but remanding case to allow proposed intervenor to re-submit her claim as a declaratory judgment action).

## 2. Intervenors Would Be Aligned Against Plaintiffs

Clearly, if Intervenors did not dismiss their claims against Plaintiffs, they would be aligned against Plaintiffs. "The generally accepted test of proper alignment is whether the parties with the same ultimate interests in the suit are on the same side." *Griffin*, 621 F.3d at 388 (internal quotation marks omitted). "It is well settled that federal courts are not bound by the alignment of the pleader as to the parties plaintiff or defendant; but that they will work out the relation of each party to the suit according to the nature of his real interest." *Peters v. Standard Oil Co. of Texas*, 174 F.2d 162, 163 (5th Cir. 1949). Once the parties are properly aligned, the fact that a party on one side of the litigation may have cross-claims against another party will not defeat jurisdiction. *See Travelers Insurance Co. v. First National Bank of Shreveport*, 675 F.2d 633, 639 (5th Cir. 1982); *Williams v. Carmean*, 1999 WL 717645, at *2 (E.D. La. Sept. 13, 1999) (Vance, J.).

A non-diverse cross-claim is supplemental in nature if it arises out of the same "core of operative facts" as the diverse claim. *See Travelers*, 675 F.2d at 638 (citation omitted). In other cases involving personal injury accidents in vehicles where passengers asserted negligence claims against the driver, courts have aligned the "ultimate interests" of the parties by placing all of the individual accident victims from a single vehicle on one side of the litigation. *See Williams*, 1999 WL 717645 at *1-2 (finding that where driver and passenger originally sued third party as co-plaintiffs, driver's hiring of counsel to represent himself only made him adverse, and subsequent amendment of Complaint by passenger to add driver as a defendant did not destroy diversity, but was more properly seen as a cross-claim under Rule 13(g) that arose out of the same core of operative facts as the instant suit). Other courts have re-aligned parties where the Court found that the claims asserted against one of the parties represented a "sham" suit, and the intent was likely to destroy jurisdiction in the action in order to remand the case to state court. *Keen v. Burlington Northern Sante Fe Corp.*, 438 F. Supp.

5

724, 727-28 &n.3 (S.D. Tex. 2006) (finding that where intervenor daughter brought suit alleging negligence of defendant mother and defendant railway involving automobile accident in which mother's car collided with railway, daughter's allegation that mother was 1% negligent for the accident, and the railroad was both 100% responsible by their conduct for the accident and the cause of all monetary damages, sufficed to find that the "ultimate interest" of mother and daughter were aligned).

Here, as in *Williams*, Intervenors were passengers in an automobile which one of the Intervenors owned and which Carolyn Lee was driving (R. Doc. 41-1, p. 2).[7] However, in this case, Intervenors did not assert their claims alongside Plaintiffs in the original action. Even if Intervenors had done so, there is no indication that they ever had the same counsel of record. Indeed, at the hearing Intervernors indicated that they had been attempting to settle the case with Plaintiffs' insurer. This indicates that Intervenors and Plaintiffs have been adverse since the date of the accident, and that the intervention in this case cannot properly be reconciled as a cross-claim against a co-party. Because Intervenors and Plaintiffs are in fact adverse as to the "ultimate issue" in this case - i.e., the question of whose negligence caused the accident - intervention will result in Louisiana residents on both sides of the lawsuit.

Moreover, at oral argument, the parties agreed that if intervention was allowed in the case as stated, it would destroy diversity and require remand to state court, due to the fact that Intervenors have claims against both Plaintiffs and Defendants for negligence. However, Plaintiffs indicated that they had "reached an agreement" to "dismiss . . . Carolyn Lee." Intervenors did not explicitly state that *both* Carolyn *and* Troynesha Lee would be "dismissed," or even that this "dismissal" pertained to Intervenors' *claims* against Plaintiffs. Although Intervenors may not have posed their arguments

---

[7]Intervenor Jessie Hughes owned the car in question. *Id.*

6

clearly at the hearing, their intent must have been to dismiss *their* claims against *both* Carolyn and Troynesha Lee, because they agreed at oral argument that to do otherwise would divest the Court of jurisdiction to hear their petition.

As a result of this dismissal, the Court finds that Intervenors' and Plaintiffs' claims with respect to the "ultimate issue" in this case - that of negligence giving rise to the accident - are aligned in a similar manner to those in *Keen*, because both parties' goals are now the same: i.e., recovery hinges on proof that only Defendants were negligent. Because complete diversity between the parties now exists, intervention is permissible under 28 U.S.C. § 1367.

**B.      Intervention as of Right**

Having resolved the threshold jurisdictional question, the issue is now whether Intervenors' motion should be granted under either Rule 24(a) or Rule 24(b).

In support of their Motion, Intervenors argue that they have a substantial legal interest in the lawsuit because they have suffered losses due to the negligence of both Plaintiffs and Defendants. (R. Doc. 33-1, p. 2). Intervenors further argue that there is a substantial risk that their ability to protect their property will be impaired without intervention, because it is expected that Intervenors will obtain funds from Plaintiffs or Defendants through either a settlement or judgment after a trial on the merits. *Id.* at pp. 2-3. Finally, Intervenors argue that their interests may not adequately represent their interests because both Plaintiffs' and Defendants' interests are adverse to the Intervenors' interest. *Id.* at 3. Intervenors argue that they have incurred general and special damages in the lawsuit. *Id.* They also argue that substantial discovery has not yet occurred in the case. *Id.* at 2.

In opposition, Defendants argue that Intervenors are not entitled to intervene as a matter of right because the request is not timely. *Id.* at 10. They further argue that Carolyn Lee is not an indispensible party-defendant. *Id.* They further argue that Intervenors need not be plaintiffs in this

7

lawsuit because they can file their own suit in state court against Carolyn Lee's insurer if need be. *Id.* They further argue that disposition of the current matter will not affect Intervenors' claims because although not all of their interests are represented in the current suit, the only interest that may be common to both suits is the issue of fault attributable to Carolyn Lee. *Id.* They further argue that they are adequately representing the Intervenors' interests in the current matter. *Id.*

Courts in the Fifth Circuit have found that to intervene as of right, (1) the application must be timely, (2) the applicant must have an interest which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by a current party. *See Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir. 2001); *Keith v. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986).

   1.   **Timeliness**

First is the issue of timeliness. Courts in the Fifth Circuit consider (1) the length of time the intervenors knew or should have known of the pendency of the action, (2) the prejudice to the existing parties, (3) the prejudice to the intervenor, and (4) any unusual circumstances. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). Moreover, courts evaluate timeliness not according to strict rules, but "from all circumstances." *Doe v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001). Notably, timeliness is not a tool of retribution, but means to protect against prejudice to another party. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Here, the action was originally removed to federal court on October 26, 2011, and Intervenors brought the instant motion on August 1, 2012 - a period of over nine months. Courts elsewhere have found such a period untimely. *See J.T. Shannon Lumber Co., Inc. v. Gilco Lumber, Inc.*, 2008 WL 4553048, at *1-*2 (N.D. Miss. Oct. 7, 2008) (insurer's motion to intervene denied where it was filed ten months after acknowledgment that it was defending policyholder). Although Defendants argue,

8

without any further reasoning, that Intervenors' motion is untimely, timeliness requires a circumstantial inquiry and the absolute length of time is only one factor to consider. *Cf. U.S. ex rel. LaCorte v. Merck & Co., Inc.*, 2004 WL 595074, at *3 (E.D. La. Mar. 23, 2004) (Roby, M.J.).

In this case however, the second, third, and fourth factors of the test weigh in favor of a finding of timeliness. First, there is no prejudice to existing parties because as Defendants admit, Intervenors brought their motion prior to the onset of substantial discovery. *See United Rentals, Inc. v. Matritrend, Inc.*, 2002 WL 230816, at *2 (E.D. La. Feb. 13, 2002) (Roby, M.J.) (finding that motion for intervention was timely where, *inter alia*, it allowed existing parties to complete discovery ahead of district judge's scheduling order). Second, there is the danger of real prejudice to Intervenors here because they were passengers in the automobile, sustained personal injuries, and their right to recover hinges on a determination of liability in this case; at oral argument they stated that if they are not allowed to intervene in this case, they will lose their day in court.

This third factor is intermingled with the fourth factor, which is discussed at more length below. Specifically, the unusual circumstances of this case favor permitting intervention. Specifically, at oral argument, Defendants stated that Intervenors' claim should be dismissed because the prescriptive period for Intervenors' claim was one year, the accident occurred on August 8, 2011, and Intervenors' motion was only properly filed on August 20, 2012, after the applicable prescriptive period had elapsed. (R. Docs. 1-2, p. 1; 29). Intervenors argued that the filing deadline should be relaxed because they originally filed their petition on August 1, 2012, and had made a good faith effort to revise their deficient filings in compliance with the Local Rules. They further argued that the subject matter of their motion never changed, but that the document was noticed as deficient for its failure to meet technical specifications. Finally, Intervenors asserted that they were unfamiliar with court rules in the Eastern District. The Court took the matter under submission.

9

The Court notes that jurisdiction is a substantive issue, which is clearly outside the scope of the authority delegated to it by the presiding U.S. District Court Judge in consideration of the instant motion. Nevertheless, the Court clearly has authority to evaluate a party's filings for technical compliance with the Local Rules, which deficiencies of Intervenors' prior filings are premised upon. Therefore, the Court will assume *arguendo* that a one-year prescriptive period applies to Intervenors' claim, and then determine whether the applicable case law requires the pleadings to "relate back" to the date of filing.

The facts of Intervenors' attempt to file the instant petition are as follows. Intervenors first filed their petition on August 1, 2012. (R. Doc. 29). The clerk's office marked the filing as deficient on August 2, 2012, and indicated that Intervenors were required to re-file the petition within 7 days.[8] Later that day, Intervenors re-filed their petition. (R. Doc. 30). However, this filing was also denied by the clerk's office on August 3, 2012, and the clerk's office again gave Intervenors 7 days to amend their petition.[9] On August 13, 2012, Intervenors filed a third petition. (R. Doc. 31). On August 14, 2012, the court denied this filing, again giving Intervenors 7 days to amend their petition.[10] Finally, on August 20, 2012, Intervenors filed the instant motion in accordance with the local rules (R. Doc. 33).

Local Rule 83.2.7 requires that "every attorney permitted to practice in this court must be familiar" with these rules," which include the proper method for submitting documents into court.

---

[8]The stated reason for the deficiency was that the motion failed to state whether there was or was not an objection by the opposing party, and if the motion was opposed, it should have been set for hearing before the magistrate judge with a memorandum in support and notice of submission as separate attachments.

[9]The stated reason for the deficiency was that the motion again failed to state whether there was or was not an objection by the opposing party, and if the motion was opposed, it should have been set for hearing before the magistrate judge with a memorandum in support and notice of submission as separate attachments.

[10]The stated reason for the deficiency was that a Notice of Submission was not provided as an attachment.

However, the Fifth Circuit cautioned that "[a]lthough a district court's discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad, our case law establishes that this discretion is limited by considerations of fairness to litigants." *Webb v. Morella*, 457 Fed. App'x 448, 452 (5th Cir. 2012) (reversing district court's granting of 12(b)(6) motion as unopposed due to party's failure to timely file opposition). Instead, the District Court should consider the availability of lesser sanctions than the dismissal of a party's claims outright. *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (finding that where non-compliance with a local rule filing deadline would lead to disposition of a matter with prejudice, the local rule should be disregarded). Dismissals are permitted "only when there is a record of extreme delay or contumacious conduct." *Leura v. Kleberg County, Texas*, 460 Fed. App'x 447, 449 (5th Cir. 2012).

Admittedly, the circumstances in these cases are not directly analogous, as they pertain to the status of *litigants* in the context of dispositive motions, not individuals who are attempting to *become* litigants so that their claims can be adjudicated. Even to the extent that these differences are reconcilable - Intervenors will lose their day in court if their petition is denied - Intervenors themselves chose to risk the possibility of dismissal by waiting for almost an entire year to bring their claims. Nevertheless, the Court notes the Fifth Circuit's strong aversion to disposing of a party's day in court on the basis of a technicality, especially when there has been no showing of bad faith and lesser "sanctions" are practicable.

The Court finds that Intervenors' original petition was timely, that their repeated unsuccessful attempts to re-file their petition were made in good faith, and that a delay of nineteen days is by no means "extreme." Therefore, assuming *arguendo* that Intervenors' claims would have prescribed during the pendency of their repeated attempts to properly conform their motion to the strictures of the local rules, the Court finds that the filing in this case should relate back to date of original filing on

August 1, 2012.

For these reasons, the Court finds that Intervenor's request, in light of the circumstances, is in fact timely.

### 2. Relevance of Subject Matter

Second is the issue of relevance of the subject matter. Here, Intervenors' claims stem from the same transaction - the auto accident - which is the basis for the instant suit. Clearly, the subject matter is relevant.

### 3. Impairment of Interest

Third is the issue of impairment of Intervenors' interest. In this case, the fact that Plaintiffs are also pursuing a negligence action against Defendants for the same accident, and likely under the same insurance policy of Defendants, may clearly impair Intervenors' interest as a practical matter, because insurance policy payout applicants' interest may be impaired due to the lateness of the filing. By the time the filing defects were cured all parties agreed that the limitations period had run. Where the intervention is timely, to not grant it at this stage would be preclude the intervenors from seeking relief for the injuries they sustained. Therefore, this factor weighs in favor of allowing intervention.

### 4. Adequate Representation

Fourth is the issue of adequate representation. Although Defendants state that they are adequately representing Intervenors' interest in the instant suit, they provides no basis for this claim, and given that Intervenors have relinquished their claims against Plaintiffs, they are clearly seeking recovery directly against Defendants. *See Atherton v. Casey*, No. 92-1283, 1992 WL 235894, at *1 (E.D. La. Sept. 4, 2012) (finding that mother who brought wrongful death action for daughter's death was not adequately represented by purported husband of daughter, because mother had incentive to prove that purported husband was not actually married to daughter).

In this case, Intervenors' and Plaintiff's claims were clearly adverse earlier in the litigation, as Intervenors were apparently attempting to recover from Plaintiffs' insurer. This fact alone suffices to demonstrate Plaintiffs' do not adequately represent Intervenors' interest. *See Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1175 (5th Cir. 1987) (finding that adequate representation "requires *more* than a showing of parallel interest.") (emphasis added). Further, as applied ro Rule 24(a), a prospective intervenor's burden for proving inadequate representation is "minimal," and may be satisfied by a showing that the current representation "*may* be inadequate." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994); *Centennial Insurance Co. v. Nguyen*, No. 04-0298, 2004 WL 1171225, at *4 (E.D. La. May 25, 2004) (Roby, M.J.) (permitting intervention of boat employee who claimed damages as against boat captain and boat's insurer, where boat employee argued that captain showed little interest in defending against declaratory judgment action brought by insurer).

Clearly, Intervenors have shown that representation may in fact be inadequate. Prior to the Intervenors' relinquishment of their claims against Plaintiffs, their goals were adverse: Intervenors were passengers in the car, and Plaintiff Lee was the driver. Therefore, while Plaintiff Lee would have to disclaim her own negligence in causing the accident, Intervenors could assert rights of recovery against either Plaintiffs or Defendants by asserting negligence claims against both parties. *See Miller v. Union Pacific R. Co.*, 290 U.S. 227, 232 (1933) (finding driver's negligence is severable from passenger's negligence); *Cf. Dupont v. Southern Pacific Co.*, 366 F.2d 193, 196 (5th Cir. 1966) (nothing that consolidation of cases stemming from automobile accident was improper, where consolidated plaintiff's counsel represented both driver and passenger, and plaintiff driver's negligence remained at issue).

Admittedly, these cases are somewhat dated, not directly on point, and Intervenors are in fact no longer asserting negligence claims against Plaintiffs. Therefore, the outcome of the instant suit for

13

both Intervenors and Plaintiffs now turns exclusively on whether Defendants was negligent for the accident. However, other courts have found that a party's prior conduct alone can factor into a determination of whether the "minimal" showing of currently inadequate representation has been met. *See Nguyen*, 2004 WL 1171225, at *4; *Campos v. Crescent Towing & Salvage Co., Inc.*, No. 01-1339, 2002 WL 31556349, at *5 (E.D. La. Nov. 15, 2002) (finding that no adequate representation where, *inter alia*, other parties entered into a settlement agreement without giving credence to claims of third party).

In sum, Intervenors have met their "minimal" burden of showing that their interest may not be adequately represented by Plaintiffs, warranting intervention as of right is warranted under Rule 24(a). Accordingly, there is no need for the Court to analyze permissive intervention under Rule 24(b).

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that, for the reasons and in the manner stated herein, Proposed Intervenors, Savitra George, individually and on behalf of her minor child Catherine Kennedy, and Jesse Hughes, on behalf of his minor child, Joshua Hughes', ("collectively, Intervenors") **Motion to Intervene (R. Doc. 33)** is **GRANTED**.

New Orleans, Louisiana, this 5th day of November 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**