UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLYN LEE, INDIVIDUALLY                           CIVIL ACTION
AND ON BEHALF OF HER MINOR
CHILD, TROYNESHA LEE

VERSUS                                              NO: 11-2678

DONALD W. JONES, ET AL.                             SECTION: "A" (4)

**ORDER AND REASONS**

Before the Court is an **Appeal of Magistrate Judge's Order (Rec. Doc. 49)** filed by defendants Donald W. Jones, Herring Transport, Inc., and National Interstate Insurance Co. (collectively "Defendants"). Plaintiffs have not filed a response to the motion. The motion, noticed for submission on December 5, 2012, is before the Court on the briefs without oral argument.

**I.  Background**

Plaintiffs seek an award of damages against Defendants for injuries allegedly arising out of an automobile accident with a tractor-trailer operated by defendant Donald W. Jones. The accident occurred on August 8, 2011, near the intersection of Interstate 55 and Interstate 12 in Tangipahoa Parish. The Lee Plaintiffs filed suit in the 21st Judicial District Court for the Parish of Tangipahoa. In their original petition for damages, Plaintiffs named Donald W. Jones (the driver), Herring Gas Co.,

1

Inc. (Jones' alleged employer and owner of the tractor-trailer), and National Interstate (insurer). Plaintiffs subsequently filed their First Supplemental and Amending Petition for Damages in which they joined Herring Transports, Inc. (another alleged employer) as an additional defendant. On October 26, 2011, Jones and Interstate removed the suit to this Court citing diversity jurisdiction, 28 U.S.C. § 1332(a)(1).

The George Plaintiffs-who were the passengers in the vehicle and its owner--moved to intervene. The assigned magistrate judge ruled on the motion and granted the intervention. (Rec. Doc. 47). Defendants now appeal that ruling.

## II. Discussion

Because the George Plaintiffs (Louisiana citizens) agreed to dismiss all of their claims against the non-diverse Lee Plaintiffs, the Court finds no reversible error in the magistrate's ruling allowing the intervention.

The motion to intervene does not support the conclusion that the George Plaintiffs can intervene as of right. As permissive intervenors, the George Plaintiffs cannot intervene if their presence in the lawsuit would destroy diversity jurisdiction. Therefore, in order to obtain intervention the George Plaintiffs were willing to forego their claims against the non-diverse Lee Plaintiffs--a much less harsher outcome than having their entire case dismissed based on prescription had they been required to

file their lawsuit in state court after August 8, 2012 (1 year anniversary of the accident).

The Court is not moved by Defendants' argument that the complaint in intervention cannot stand as filed because it includes the George Plaintiffs' claims against the Lees. Again, those claims over which the Court had no jurisdiction have been withdrawn by the George Plaintiffs so the Court will simply ignore the claims against the non-diverse parties. If the Court has been misinformed regarding the George Plaintiffs' voluntary withdrawal of the claims against the Lees, then naturally the intervention will have been improvidently granted and will have to be vacated. But that will not affect the Lee case which will remain in federal court. Therefore, no motion to remand will be forthcoming.

The Court also agrees with the magistrate's analysis that led to her conclusion that the intervention was timely for purposes of prescription. To be sure, the George Plaintiffs should have acted more expeditiously to cure the deficiencies that the Clerk was reporting with the George Plaintiffs' e-filings. But Federal Rule of Civil Procedure 5(d)(4) works to help prevent the type of injustice that might otherwise occur in this case if the intervention were denied as untimely due to technical violations of the Local Rules.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Appeal of Magistrate Judge's Order (Rec. Doc. 49)** filed by defendants Donald W. Jones, Herring Transport, Inc., and National Interstate Insurance Co. is **DENIED**; The Case Manager for Section A is instructed to schedule a preliminary scheduling conference as soon as practicable.

December 18, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE