UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN LEE, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, TROYNESHA LEE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 11-2678 |
| DONALD W. JONES, ET AL. | SECTION: "A" (4) |

## **ORDER AND REASONS**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 58)** filed by defendants Donald W. Jones, Herring Transport, Inc., and National Interstate Insurance Co. Plaintiffs Carolyn Lee, individually, and on behalf of her minor child, Troynesha Lee, Jessie Hughes on behalf of his minor child Joshua Hughes, and Savitra George, individually and behalf of her minor child, Kennedy Catherine, oppose the motion. The motion, noticed for submission on May 22, 2013, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

### I.   Background

Plaintiffs seek an award of damages against Defendants for injuries allegedly arising out of an automobile accident with a tractor-trailer operated by defendant Donald W. Jones. The accident occurred on August 8, 2011, near the intersection of Interstate 55 and Interstate 12 in Tangipahoa Parish. Plaintiffs filed suit in the 21st Judicial District Court for the Parish of Tangipahoa. On October 26, 2011, Jones and Interstate removed the suit to this Court citing diversity jurisdiction, 28 U.S.C. § 1332(a)(1). This matter is scheduled to be tried to a jury on August 26, 2013.

Via the instant motion Defendants move for judgment as a matter of law on the issue

1

of liability. Defendants contend that the undisputed material facts establish that Jones was free from fault in causing the accident, and therefore summary judgment is appropriate.

## II. Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court has reviewed the parties' evidentiary submissions and certain key facts in this case are undisputed. Jones was operating a Herring Transport tractor-trailer on I-55 southbound approaching the location where vehicles traveling on I-12 east can merge onto I-55 south. Due to road construction, only the left lane of I-55 south was open—the right lane was blocked off with construction cones. Drivers exiting I-12 east and merging onto I-55

south faced a yield sign on the merge ramp. On the day of the accident, drivers merging onto I-55 south from I-12 east had to merge into the far left lane of I-55 south because of the right lane being closed. Traffic conditions that day were light and the weather was clear. Lee, although adamant that she checked for oncoming vehicles, did not see Jones' tractor-trailer. Jones and Lee collided but they dispute whether the collision occurred while Lee was in the process of merging. Lee's contention is that she had already completed the merge and safely occupied the left lane when Jones tried to swerve around her.

Citing La. R.S. § 32:123, Defendants contend that Jones was on the favored roadway and had the right of way. According to Defendants, Lee is 100 percent at fault for the accident.

The duty of a motorist when approaching a yield sign is mandated in La. R.S. § 32:123 which provides in pertinent part:

> A. Preferential right of way at an intersection may be indicated by stop signs or yield signs.
>
> . . . .
>
> D. The driver or operator of a vehicle approaching a yield sign shall slow down to a speed reasonable for the existing conditions, or shall stop if necessary, before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. Having slowed or stopped in this manner, the driver shall yield the right-of-way to any pedestrian legally crossing the roadway on which he is driving, and to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard.

La. Rev. Stat. Ann. § 32:123(A),(D) (2012). Motorists have the duty under the law to maintain a proper lookout for hazards, which by the use of ordinary care and observation one should be able to see. *Alford v. Estate of Zanca*, 552 So. 2d 7, 13 (La. App. 5th Cir. 1989) (*citing Richardson v. Continental Ins. Co.*, 468 So. 2d 675 (La. App. 3d Cir. 1985)).

3

Defendants are correct in that Jones was traveling on the favored roadway and had the right of way.[1] If Lee did in fact impact Jones' vehicle while she was attempting the merge, then Plaintiffs' suggestion that Jones could have avoided the accident by driving slower would be without merit because Lee would be the driver with the duty to either slow down or speed up in order to merge safely.

But the question of whether the impact occurred during or after the merge is in dispute. Lee's testimony about how the accident occurred is directly at odds with that of Jones, and with the description provided by the state trooper in his report.[2] Lee contends that she had already merged onto I-55 and therefore safely occupied the left lane when Jones then swerved around her and struck her vehicle. The Court finds this contention to be questionable in light of Lee's unequivocal admission that she never saw Jones' vehicle until the impact. Even if Lee's version of the accident is to be believed, it still does not explain why she never at anytime saw Jones' vehicle. Jones' vehicle did not materialize out of thin air, and Lee testified that nothing obstructed her view that day.

Lee and Jones were the only eye-witnesses whose accounts of the accident were submitted on summary judgment. They clearly conflict. The experts who drew diagrams of the accident scene were not eye-witnesses. And the state trooper's diagram, which would

---

[1] Plaintiffs should note that the law that they cite regarding competing stop signs (La. R.S. § 32:132(B)—Lee memo at 4) is not relevant because there were no stop signs involved in this case. Likewise, La. R.S. § 32:121(A), (Hughes/George memo at *(page not numbered)*), is not relevant because this case does not present a situation where two vehicles entered an intersection at the same time.

[2] Lee suggested during her deposition that the state police might have been in the area even before the accident but no one has suggested that the trooper who investigated the accident was an eye-witness to the accident. Lee was the only driver cited for causing the accident. According to the trooper, Lee struck Jones' vehicle when she attempted to merge onto I-55 southbound. (Rec. Doc. 58-10, Exh. 4-C).

tend to support Jones' version of events, is hearsay. Lee denies that she ever spoke to the trooper in the aftermath of the accident because of the severity of her injuries. It is for the jury as trier of fact, not for the Court on summary judgment, to weigh all of the evidence and determine the credibility of Lee's and Jones' conflicting contentions.

In their reply, Defendants argue that Lee is attempting to create an issue of fact by changing her story about how the accident occurred. Defendants cite to Lee's petition and her own expert's report. The Court finds no merit to Defendants' argument in this vein for two reasons. First, the Court does not consider the petition to be at odds with the version of events that Lee testified to in her deposition. Petitions are pithy in nature and are drafted by lawyers not litigants. Second, Lee's deposition, which lasted an entire day according to the transcript, was her opportunity to speak about her version of events. Neither her lawyer nor her expert were eye-witnesses to the accident. This Court does not find this to be a situation where a plaintiff changes her story to avoid summary judgment. Lee and Jones were both eye-witnesses to the accident and their testimony is in conflict. It is up to the jury not the Court to resolve that conflict.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 58)** filed by defendants Donald W. Jones, Herring Transport, Inc., and National Interstate Insurance Co. is **DENIED.**

June 10, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5